United States Court of Appeals,

Eleventh Circuit.

No. 96-6541

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Phillip T. KERR, a male juvenile, a.k.a. P.T.K., Defendant-Appellant.

Aug. 25, 1997.

Appeal from the United States District Court for the Southern District of Alabama. (No. CR-95-00023-001-AH), W.B. Hand, Judge.

Before HATCHETT, Chief Judge, EDMONDSON, Circuit Judge, and RONEY, Senior Circuit Judge.

PER CURIAM:

Defendant Phillip Kerr appeals his conviction for armed robbery, firearms violations, and conspiracy in connection with a carjacking. Kerr, a juvenile at the time of his arrest, claims the district court erred in refusing to suppress certain post-arrest statements he made before his guardian was notified he was in custody in violation of 18 U.S.C. § 5033. We affirm.

According to the evidence, viewed in the light most favorable to the Government, on September 30, 1994, Kerr, who was then 17, and his codefendant, hijacked a car in Mobile at gunpoint, took the driver's money, brutally beat him, bound and gagged him, and left him unconscious under a pile of garbage.

On October 2, 1994, Kerr and his codefendant were arrested in Atmore after having had a minor accident in the stolen car. They were transported the next day back to Mobile. In January 1995, an information was filed charging Kerr with violations of the Federal Juvenile Delinquency Act. A transfer hearing was held pursuant to 18 U.S.C. § 5032, after which defendant was transferred to adult status, and in July 1995, he was charged in a four-count federal indictment.

Defendant made two incriminating statements to state police, one to Atmore police and the other to Mobile police. It appears that both are at issue here.

Defendant first confessed to Atmore Police Officer Ben Brown, the officer who responded to the scene of the accident. Defendant admitted beating the victim, asserting the victim provoked the attack when he made unwelcome sexual advances on defendant. When Kerr was transferred to the Mobile Police Department, he confessed a second time to Officer Lovell Brown.

A jury found Kerr guilty of conspiracy in violation of 18 U.S.C. §§ 317 and 2; armed robbery of a motor vehicle in violation of 18 U.S.C. §§ 2119 and 2; use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c); and possession of a short barreled shotgun in violation of 26 U.S.C. § 5861(d) and 18 U.S.C. § 2. He was sentenced to a total of 241 months imprisonment.

Kerr moved to suppress the post-arrest statements based on the following facts. When Atmore Officer Ben Brown questioned defendant at the police station, he discovered that defendant was 17 and a ward of a state juvenile facility. Brown testified he read the standard Alabama juvenile *Miranda* warning and defendant read and signed it.

Mobile Officer Lovell Brown testified that he gave defendant adult *Miranda* warnings before he recorded defendant's statement. He said he did not give defendant juvenile warnings nor did he have defendant sign a juvenile *Miranda* form "[d]ue to the new State law. It states that a [person] sixteen years or older who commits a violent crime is to be treated as an adult." Officer Brown said he was not aware who had responsibility for defendant. He asked defendant if he wanted to contact his father or mother, and defendant stated his mom was on drugs and he did not know how to reach her.

In this case where there is no factual dispute as to whether *Miranda* warnings were given, what questions were asked and what answers given, we review the district court's denial of the motion to suppress *de novo.*

Kerr makes two arguments that his confessions should be suppressed. First, he relies upon the language in 18 U.S.C. § 5032, which provides that "[s]tatements made by a juvenile prior to or during a transfer hearing under this section shall not be admissible at subsequent criminal

prosecutions." Defendant interprets "prior to" broadly as referring to statements made at any point from the time defendant is taken into custody up until the transfer hearing. Defendant cites no cases in support of this argument. Other circuits interpret the section more narrowly to protect statements made by a juvenile in connection with a transfer hearing so that the juvenile can cooperate with the court in determining the appropriateness of a transfer. *United States v. Smith,* 574 F.2d 707 (2d Cir.) (confession at time of arrest or interrogation not connected to transfer proceeding and therefore admissible), *cert. denied,* 439 U.S. 986, 99 S.Ct. 581, 58 L.Ed.2d 659 (1978)' *United States v. Spruille,* 544 F.2d 303 (7th Cir.1976) (Statements made by juvenile to FBI Agent unconnected to transfer hearing were admissible despite the fact that they were made prior to the transfer hearing).

Defendant also challenged his juvenile *Miranda* warning under 18 U.S.C. § 5033, specifically whether his guardian was timely notified. Section 5033 requires that when a juvenile is taken into custody, not only is the arresting officer required to immediately advise the minor of his legal rights, but the officer also "shall immediately notify the ... juvenile's parents, guardian, or custodian of such custody." Defendant asserts the statute was violated because though both officers determined he was a juvenile, neither attempted to notify his guardian prior to taking his statement.

Cases addressing this issue indicate that the protections of the Federal Juvenile Delinquency Act are not triggered until the juvenile has been charged by an information with a federal violation. *United States v. Juvenile Male,* 74 F.3d 526 (4th Cir.), *cert. denied,* --- U.S. ----, 116 S.Ct. 2558, 135 L.Ed.2d 1076 (1996).

When defendant was arrested in Atmore and transferred to Mobile, he was being held on state charges. It was not until January 23, 1995, that an information was filed charging the defendant with a federal offense thus invoking the protections afforded by the Federal Juvenile Delinquency Act. The defendant does not dispute that the appropriate notifications were made before the federal information was filed. While § 5033 requires urgency in the notification of a parent or guardian, there is no requirement that a parent be present in order for a juvenile's statement to be admissible.

3

At the time of his statements, Kerr was 17 years old. He had a substantial history of involvement in the Juvenile Justice System and, in fact, was a runaway from a state facility. As soon as it was determined that Kerr was 17, he was read an Alabama Juvenile Waiver of Rights which included an advisement of a right to parental notification. Kerr signed this waiver form. There is no evidence that Kerr ever asked for either an attorney or a guardian. There is no allegation that Kerr was mistreated or coerced into making a confession. Furthermore, Kerr testified at trial and did not repudiate his confession. Under these circumstances, it is apparent that defendant's statements were freely and voluntarily given. The district court did not err in allowing this evidence.

AFFIRMED.